UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **VICTOR DEMERY** | **CIVIL ACTION NO. 23-573-P** |
| **VERSUS** | **JUDGE HICKS** |
| **LUKE MITCHELL, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Victor Demery ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 1, 2023. Plaintiff is incarcerated at the Red River Parish Jail in Coushatta, Louisiana. Plaintiff names Judge Luke Mitchell, District Attorney Julie Jones, and Assistant District Attorney Ben Langford as defendants.

Plaintiff claims that on February 28, 2023, he was tried for two counts of possession of a firearm by a convicted felon. He claims the Bill of Information sheet was left blank. He claims he should have been charged with attempted possession. He claims the guns found under the car seat were not his. He asked his attorney Kevin Berg to file a motion to have Judge Luke Mitchell recused because he was his prosecuting District Attorney in 2005. He claims Judge Mitchell denied his motion to recuse in open court.

Plaintiff claims he asked to have Walter Johnson subpoenaed. He claims Walter Johnson took the stand and admitted ownership of both firearms. He claims the guns were never sent to the crime lab to be fingerprinted.

Plaintiff claims that during deliberations, Judge Mitchell and Ben Langford accompanied the jury. He claims Judge Mitchell asked the jury to please find him guilty and that he would pay more if they did. Plaintiff claims a member of the jury told his mother about Judge Mitchell's statement. He claims two members of the jury contacted his mother and expressed their confusion and sorrow.

Plaintiff claims he was found guilty of one count of possession of a firearm by a convicted felon because of the incentives offered to the jury by the Judge and the District Attorney. He claims he was housed in the Red River Parish Jail to await sentencing. He claims he was denied the ability to self-surrender because his brother had previously run out of court. He claims he was not considered a flight risk and his bondsman tried multiple time to bond him out of jail.

On May 16, 2023, Plaintiff was sentenced to eight years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. He was also ordered to participate in a recommended substance abuse treatment program.

Plaintiff claims he is being retaliated against because he filed a civil suit against Judge Luke Mitchell, and he hates him. He claims Judge Luke Mitchell denied all his motions.

Accordingly, Plaintiff seeks punitive and compensatory damages and a declaratory judgment.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff claims he was wrongly convicted and sentenced for one count of possession of a firearm by a convicted felon because of the actions of Defendants. Plaintiff is seeking monetary damages and declaratory relief for his allegedly unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).

Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the

conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages and declaratory relief for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint seeking monetary damages and declaratory relief for his allegedly unconstitutional conviction and sentence

be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 14th day of June, 2023.



Mark L. Hornsby
U.S. Magistrate Judge